**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                            **CASE NO.:  3:09-cr-51-J-34MCR**

**SONIA ANTOINETTE DODD,**

        **Defendant.**

_____

### Order Granting Defendant's Unopposed Motion for Prison-Term Reduction Under 18 U.S.C. § 3582(c)(2) Based on USSG Amend. 782

Before the Court is Defendant's Unopposed Motion for Sentence Reduction Under Amendment 782 (Doc. No. 446; Motion) filed on November 23, 2015.  In the Motion, Defendant seeks to reduce her prison term under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines (USSG), a retroactive guideline amendment, see USSG §1B1.10(d) (2014).  See Motion at 1.  The United States does not oppose a reduction.  See id. at 2.  The parties agree that Defendant is eligible for a guideline reduction because Amendment 782 reduces the applicable guideline range, see USSG §1B1.10(a)(1).  See id.  The Court determines that Defendant is eligible for a guideline reduction, and adopts the amended guideline calculations agreed upon by the parties in the Motion.

The Court has reviewed the facts in both the original presentence investigation report and the October 1, 2015 memorandum from the United States Probation Office.  Having considered the factors set forth in 18 U.S.C. § 3553(a), as well as the nature and seriousness of any danger posed by a reduction of Defendant's sentence, see USSG

§1B1.10, comment (n.1(B)(ii)), the Court finds that a reduction of Defendant's sentence from 175 months to 155[1] months is warranted.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Unopposed Motion for Sentence Reduction Under Amendment 782 (Doc. No. 446) is **GRANTED, in part, and DENIED, in part**.

2. The Motion is **GRANTED** to the extent that the Court reduces Defendant's sentence from a period of imprisonment of 175 months to a period of 155 months or time served, whichever is greater. See USSG §1B1.10(b)(2)(C).

3. All other provisions set forth in the Judgment shall remain in full force and effect.

4. Otherwise, the Motion is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of December, 2015.

Marcia Morales Howard

MARCIA MORALES HOWARD
United States District Judge

---

[1]   The low end of Defendant's amended guideline range is 140 months.  As such, Defendant requests a reduction of her sentence to 140 months, and the United States does not oppose her request.  See Motion at 2.  However, the Court finds a reduction to 140 months to be unwarranted.  Preliminarily, the Court notes that in imposing sentence, the Court found a sentence greater than the low end of the guidelines to be appropriate.  See Sentencing Transcript (Doc. No. 379; Tr) at 37-59, 81-84, 88-95.  Moreover, for the reasons stated at sentencing with regard to the Court's consideration of the 3553 factors, the Court declines to reduce Defendant's sentence below 155 months. See id. It is the Court's view that any lesser sentence would be insufficient under the circumstances of this case to adequately address the statutory purposes of sentencing.  See also United States v. Williams, 557 F.3d 1254, 1257 (11th Cir. 2009) (once the Court has determined that an amendment to the Sentencing Guidelines lowers the defendant's Guidelines range, "whether to reduce the defendant's sentence, and to what extent, remains discretionary.") (citation omitted); United States v. Vautier, 144 F.3d 756, 762-63 (11th Cir. 1998) (in determining whether and to what extent to reduce a defendant's sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a), but it need not make specific findings as to each factor so long as the record otherwise indicates that the district court has considered them).

ja

Copies to:

Counsel of Record

United States Marshals Service

United States Probation Office

Bureau of Prisons